UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                           )
REGINALD HALL, and                         )
ANGELINA HALL,                             )
                                           )
      Plaintiff,                           )
                                           )
v.                                         )   Docket No. 1:17-cv-12269-WGY
                                           )
FEDERAL NATIONAL MORTGAGE                  )
ASSOCIATION, AND                           )
SANTANDER BANK, N.A.,                      )
                                           )
      Defendants.                          )
_____)

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants, Federal National Mortgage Association ("Fannie Mae") and Santander Bank, N.A. ("Santander") (collectively the "Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully submit this Memorandum of Law in Support of its Motion to Dismiss the Complaint.

**INTRODUCTION**

This action is the latest in a series of meritless and unsuccessful lawsuits brought by Plaintiffs to prevent Defendants from taking possession of real property subject to a foreclosure sale which occurred on January 7, 2015.  Indeed, to date, Plaintiffs have brought claims in *five (5)* different litigations challenging Defendants' right to foreclose and take possession of the subject property.  Plaintiffs' underlying complaint is entirely frivolous, and Plaintiffs' claims are clearly barred by the doctrine of *res judicata*, the statute of limitations, and a failure to plead a

1

*prima facie* case for their claims. Accordingly, this Court must grant Defendants' Motion to Dismiss.

## BACKGROUND[1]

Plaintiffs own several homes in Massachusetts, and appear to maintain residences in several different states. *See* Complaint at ¶¶ 2, 3. As of March of 2017, Plaintiffs were residents of Atlanta, Georgia. See *Hall, et al v. US Bank, NA as Trustee, et al.*, Case No. 1:17-cv-10352-FDS, *Verified Complaint*, at ¶ 1. A review of Massachusetts state dockets evidences that over the last several years, Plaintiffs actively litigated cases arising from the foreclosure sale of properties they owned in Southeastern Massachusetts. One such property is the focus of the instant case.

On August 27, 2004, Plaintiffs executed a promissory note in exchange for receiving $352,000.00 (the "Note"). *See* Complaint at ¶¶ 2, 7. The same date, to secure the Note, Plaintiffs granted a mortgage (the "Mortgage") on the real property located at 52 Ash Street, New Bedford, MA (the "Property") to Sovereign Bank.[2] *Id.* at ¶¶ 7-8. On June 1, 2005, Fannie Mae purchased the Note and Santander remained as the mortgagee and continued to service the loan. *Id.* at ¶ 8. Fannie Mae subsequently authorized Santander to commence the foreclosure process on its behalf after Plaintiffs defaulted on the mortgage loan. *Id.* at ¶ 17.

## The First Action

In an effort to prevent a foreclosure sale, on or about November 18, 2014, Plaintiffs filed an action in the Bristol County Superior Court captioned *Angelina M. Hall, et al. v. Santander*

---

[1]   Defendants accept as true the allegations contained in Plaintiffs' Complaint for the purposes of the instant Motion to Dismiss only.

[2]   On or about January 26, 2012, Sovereign Bank changed its name to Sovereign Bank, N.A., and on or about October 17, 2013, Sovereign Bank, N.A. changed its name to Santander Bank, N.A.

*Bank, N.A.*, which was docketed as 1473CV01158 (the "First Action").[3] In the First Action, Plaintiffs sought declaratory relief and challenged Santander's right to conduct a valid foreclosure sale. *See* Complaint from First Action, attached hereto as Exhibit A. Through the First Action, Plaintiffs challenged whether Santander had the authority to enforce the power of sale under G.L. c. 244, whether the Note was property endorsed and held, and whether Santander as the mortgagee of record had standing to foreclose. *Id.* The Bristol Superior Court granted Santander summary judgment as to each of Plaintiffs' claims. *See Decision and Order on Defendant's Motion for Summary Judgment*, attached hereto as Exhibit B. On July 29, 2016, the Massachusetts Appeals Court affirmed the trial court's decision. *See* Exhibit C. After the Supreme Judicial Court declined further appellate review, the Superior Court issued a judgment after rescript.

## The Second Action

On November 24, 2014, after Plaintiffs failed to bring the Mortgage loan current, and after the Court in the First Action denied Plaintiff's Emergency Motion for a Preliminary Injunction, Santander conducted a foreclosure sale at which it was the high bidder and assigned its bid to Fannie Mae. *See* Foreclosure Deed and Affidavit of Sale, attached hereto as Exhibit D. On or about February 17, 2015, Fannie Mae initiated a Summary Process eviction proceeding in the Southeast Housing Court. The action was captioned *Federal National Mortgage Association v. Hall*, and docketed as 15-SP-00811 (the "Summary Process Action"). Through the Summary Process Action, Plaintiffs had the opportunity to challenge any alleged defects in the foreclosure process or to assert counterclaims. See *Bank of Am., N.A. v. Rosa*, 466 Mass. 613, 621 (2013);

---

[3] Defendants' reliance on the pleadings from prior actions is appropriate as "matters of public record are fair game in adjudicating Rule 12(b)(6) motions, and court's reference to such matters does not convert a motion to dismiss into a motion for summary judgment." *Banco Santander de P.R. v. Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.)*, 324 F.3d 12, 19 (1st Cir. 2003).

Massachusetts Uniform Summary Process Rule 5. Through the Summary Process Action, the Plaintiffs (Defendants in the Summary Process Action) challenged whether Santander had standing to foreclose, claimed that Fannie Mae lacked superior title to the Property, and further claimed that Fannie Mae lacked standing to pursue a summary process action. *See* Defendant's Summary Process Answer, Affirmative Defenses and Requests for Discovery, attached hereto as Exhibit E. On August 31, 2017, the Southeast Housing Court granted Fannie Mae summary judgment as to all of the counterclaims raised by Plaintiffs (Defendants in the Summary Process Action) pursuant to the doctrine of claim preclusion, and judgment as to costs and possession of the Property entered for Fannie Mae the following day. *See Memorandum of Decision on Plaintiff's Motion for Summary Judgment* at 8 and Judgment, attached hereto as Exhibit F. Notably, Plaintiffs failed to appeal the Southeast Housing Court's grant of summary judgment in favor of Fannie Mae.

### The Third Action

Before the Southeast Housing Court adjudicated the Summary Process Action, Plaintiffs filed yet another suit, but this time against Santander in the United States District Court for the Eastern District of New York. *See* Complaint, attached here to as Exhibit G. Through their Complaint, Plaintiffs claimed that Santander violated 42 U.S.C. §§ 3605, 3617 (the Fair Housing Act) by encouraging Plaintiffs to stop making timely payments under the Note and Mortgage and by failing to consider Plaintiffs for a loan modification; that Santander breached the Note and Mortgage; and that Santander committed fraud by failing to award Plaintiffs a loan modification. *Id.* On March 17, 2017, Plaintiffs filed a Stipulation of Dismissal thereby dismissing The Third Action. *See* Stipulation of Dismissal, attached hereto as Exhibit H.

**The Fourth Action**

Faced with imminent removal from the Property after failing in the Summary Process Action, Plaintiffs next filed a complaint in this Court on October 20, 2017 (the "Fourth Action") naming Santander and Fannie Mae as defendants.  *See* Complaint, attached hereto as <u>Exhibit I</u>. The matter was docketed as case number 1:17-cv-12067-WGY.  In the Fourth Action, like in the Third Action, Plaintiffs alleged a violation of the Fair Housing Act as codified in 42 U.S.C. §§ 3605 and 3617 (the "FHA"), breach of contract, fraud and Plaintiffs also asserted a claim of violation of M.G.L. Chapter 93A.  *Id.*  Additionally, through their Fourth Action, Plaintiffs asserted allegations that Fannie Mae improperly refused to sell the Property – at a discounted price and well below the balance that Plaintiffs owed on their loan – to Plaintiffs' agent at an auction.  *Id.* ¶¶ 34-40.  Similar to the Third Action, Plaintiffs also set forth a request for injunctive relief in an attempt to prevent Fannie Mae from selling the property or evicting Plaintiffs from the property.  *Id.*  On October 26, 2017, this Court dismissed Plaintiffs' Fourth Action on the grounds that Plaintiffs' proper recourse from the Southeastern Housing Court's grant of summary judgment for Fannie Mae was for Plaintiffs to file an appeal.  *See* Transcript from October 26, 2017 hearing at 4, attached hereto as <u>Exhibit J</u>.  Moreover, this Court stated that Plaintiffs' claims as raised in the Fourth Action could have been asserted by Plaintiffs in the Southeast Housing Court.  *Id.* at 4-5.  Accordingly, on November 1, 2018, this Court subsequently dismissed the Fourth Action.

**The Fifth Action**

After this Court informed Plaintiffs that the United States District Court for the District of Massachusetts was not the proper venue for Plaintiffs to challenge the Southeast Housing Court's grant of summary judgment in favor of Fannie Mae, Plaintiffs, in lieu of appealing the

5

Southeast Housing Court's prior ruling (the 30-day window to appeal had run), on or about October 31, 2017, filed a *new* action against Defendants in the Southeastern Housing Court (the "Fifth Action").  *See* Complaint, attached hereto as Exhibit K.  The allegations in the Fifth Action are the same as those in the Fourth Action.  Also on October 31, 2017, Plaintiffs filed an Emergency Application for a Temporary Restraining Order and Application for Preliminary Injunction ("Plaintiffs' Application"), requesting therein that Fannie Mae be enjoined from evicting Plaintiffs from the Property and from selling the Property.  *See* Plaintiffs' Application, attached hereto as Exhibit L.  On November 3, 2017, the Southeast Housing Court granted Plaintiffs' Application for a period of 10 days.  *See* Motion and Application for Order to Stay Levy on Execution – Allowance of Motion and Issuance of Temporary Order to Stay Levy, attached hereto as Exhibit M.  On November 16, 2017, Defendants removed the Fifth Action from the Southeastern Housing Court to this Court.  To date, despite the expiration of the temporary restraining order, Fannie Mae has not moved to evict Plaintiffs from the Property.

## STANDARD OF REVIEW

On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and give ... plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

## ARGUMENT

### I. PLAINTIFFS' CLAIMS ARE BARRED BY THE DOCTRINE OF *RES JUDICATA*

Plaintiffs' claims fall into two categories – possession claims and wrongful foreclosure claims –both of which are meritless. Plaintiffs' possession claim is that Plaintiffs have a superior right to Fannie Mae to possess the Property. Plaintiffs' wrongful foreclosure claims are that the foreclosure is void because Santander allegedly lacked standing to foreclose on the Mortgage. Both claims fail because they are barred by *res judicata*.

"Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties from relitigating claims that were or could have been raised in the prior action." *Haag v. United States*, 589 F.3d 43, 45 (1st Cir. 2009) (citing G*onzalez v. Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir. 1994)). "[T]he elements of *res judicata* are (1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Gonzalez*, 27 F.3d at 755 (citations omitted). For the purposes of a *res judicata* analysis, if the new complaint "grows out of the same transaction or series of connected transactions as the old complaint, the causes of action are considered to be identical...." *Havercombe v. Dep't of Educ.*, 250 F.3d 1, 4 (1st Cir. 2001) (quoting *Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1166 (1st Cir. 1991)).

7

Here, all three *res judicata* requirements are met as to Plaintiffs' possession and wrongful foreclosure claims. The parties are identical, the issues presented are the same, and a final judgment issued in the First Action (Bristol Superior Court) and in the Second Action (Summary Process Action).[4] In the First Action the Bristol Superior Court held that Santander was the mortgagee of record and possessed the authority to foreclose. *See* Exhibit B at 2. In the Second Action the Southeastern Housing Court held that Santander had standing to foreclose, that Fannie Mae subsequently obtained superior title to the Property (superior to the Plaintiffs), and further held that Fannie Mae possessed standing to pursue the summary process action. *See* Exhibit E at 8. The claims and facts giving rise to Plaintiffs' claims in the present case had already occurred and were already known by Plaintiffs but they did not assert them as defenses in the First and Second Actions. In both the First and Second Actions, the courts awarded summary judgment in favor of Santander and Fannie Mae against Plaintiffs. Accordingly, the issue of who has a superior right to possess the Property has already been litigated. Therefore, Plaintiffs are barred from asking this Court to transfer the Property back to them in conflict with the state courts' prior rulings and to order that their right of redemption under the Mortgage be reinstated. These issues have previously been adjudicated on the merits.

"It is not acceptable for a homeowner mortgagor to seek to force a foreclosing lender to litigate in multiple venues across separate proceedings by unilaterally holding certain claims back from summary process when those claims are within the summary process court's jurisdiction and assertedly essential to the determination of superior title." *Santos v. U.S. Bank Nat. Ass'n*, 89 Mass. App. Ct. at 695 (2016). "*Res judicata* will be employed by the courts to prevent the splitting of a cause of action where the party to be precluded (here [Plaintiffs]) had

---

[4] The appeal period for the Summary Process Action expired on September 11, 2017 and Plaintiffs failed to file an appeal.

both the opportunity and the incentive to litigate all related matters fully in the original lawsuit." *Id. Mancuso v. Kinchla*, 60 Mass.App.Ct. 558, 567, 806 N.E.2d 427 (2004). See *id*. at 562, 806 N.E.2d 427 (applying Federal *res judicata* law and concluding that dismissal of State court action after resolution of previously filed Federal action between same parties arising from same nucleus of operative facts was appropriate response to plaintiff's "disfavored claim splitting contrary to well-established doctrine and policy"). Thus, under Massachusetts law, the "application of res judicata is appropriate here where it will serve to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.* (quotations omitted).

Here, Plaintiffs had a full opportunity to challenge the foreclosure process, including assert as defenses the claims they now assert in the present case, in the First Action and Second Action (Summary Process Action), but they failed to assert those claims. All claims now raised in the instant matter could and should have been addressed there. Those claims were waived and are now barred *res judicata*. Accordingly, Plaintiffs' Complaint must be dismissed.

## II.     PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

Several of Plaintiffs' claims are barred by the statute of limitations and, as such, warrant dismissal.

### A.     Plaintiff's Claims Under the Fair Housing Act Are Time-Barred.

In the Complaint, Plaintiffs allege that Defendants violated the Fair Housing Act ("FHA") when they allegedly denied Plaintiffs a loan modification based on discriminatory grounds. This claim consists entirely of threadbare, vague, conclusory allegations and is nothing more than surmise and suspicion and fails to state a cognizable claim for relief. Even if Plaintiffs have pleaded a claim under the FHA (which they have not), their claim fails as a matter of law

9

because it was not filed prior to the expiration of the two-year statute of limitations to bring a claim. The FHA requires that a plaintiff file suit within two years after "the occurrence of the rumination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A).

Here, the foreclosure sale took place on November 24, 2014. Pursuant to the "gavel rule," once the foreclosure sale was completed, Plaintiffs' right of redemption under the Mortgage was extinguished. *See Outpost Cafe, Inc. v. Fairhaven Sav. Bank*, 3 Mass. App. Ct. 1, 3–4 (1975). Accordingly, the latest possible point in time at which the loan could have been modified would have been the day of (and just before) the foreclosure sale. Thus, Plaintiffs would have needed to file a claim under the FHA before November 24, 2016.

Because Plaintiffs failed to bring an action under the FHA within the applicable statute of limitations, their claim is barred and, as such, must be dismissed.

### B.     Plaintiffs' Claim Alleging Fraud.

By Count III of the Complaint, Plaintiffs allege that Defendants committed common law fraud through their alleged actions related to evaluating Plaintiffs' request for a loan modification. Under Massachusetts law, the statute of limitations for an action sounding in fraud is three (3) years. M.G.L. 260, § 2A. Here, Plaintiffs fail to allege with any specificity the date on which this alleged conduct occurred. The only clue as to when the alleged fraud occurred is Plaintiffs' vague allegation that they sought a loan modification after the year 2008. A fair reading of Plaintiffs' Complaint is that the alleged fraud occurred sometime close to 2008. There is nothing suggesting that it occurred as late as October 31 2014, which is the three-year mark prior to the filing of the present case.[5] As a result, as best as can be ascertained from Plaintiffs' own allegations, the alleged fraud would have occurred, if it occurred at all, before October 31,

---

[5]     As discussed, *supra*, a plaintiff "bears the burden of establishing that these four factors weigh in [her] favor." *Esso Standard Oil Co. (P.R.) v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006). Here, Plaintiffs conspicuously omit the dates on which this fraudulent conduct alleged occurred.

10

2014, which is more than three years before the filing of this action. Accordingly, Plaintiffs' fraud claim is barred by the three-year statute of limitations.

### C.  Plaintiffs' Claim Under M.G.L. Chapter 93A.

For the same reasons that Plaintiffs' fraud claims are time-barred, so too are Plaintiffs' claims under Chapter 93A, which applies a four-year statute of limitations to bring a claim. M.G.L. Chapter 260 § 5A.  Plaintiffs fail to identify conduct which occurred after October 31, 2013 that, if true, would constitute a colorable claim.  Accordingly, Plaintiffs claims related to their Chapter 93A must be dismissed.

### III.  PLAINTIFFS' FRAUD CLAIMS ARE NOT PROPERTY PLEAD

As a threshold matter, Rule 9(b) requires that a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "It is well-established that 'this rule entails specifying in the pleader's complaint the time, place, and content of the alleged false or fraudulent representations.'" *Epstein v. C.R. Bard, Inc*., 460 F.3d 183, 190–91 (1st Cir.2006) (quoting *Powers v. Boston Cooper Corp*., 926 F.2d 109, 111 (1st Cir.1991)).  This "heightened" pleading requirement for allegations of fraud is designed to "protect defendants whose reputation may be harmed by meritless claims of fraud, to discourage 'strike suits,' and to prevent the filing of suits that simply hope to uncover relevant information during discovery." *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228-29 (1st Cir. 1980).

The allegations of fraud in the Complaint fail to plead with particularity the time, place and content of the alleged fraudulent conduct related to Defendants' review of Plaintiffs for a loan modification.  Rather, Plaintiffs' allegations improperly require this Court and Defendants to speculate as to the particular circumstances which allegedly constitute a colorable claim

sounding in fraud. Because Plaintiffs fail to satisfy the heightened pleading standards, their cause of action claiming fraud must be dismissed.

## IV.   CLAIMS RELATED TO PLAINTIFFS' ATTEMPT TO REPURCHASE THE PROPERTY MUST BE DISMISSED

Plaintiffs appear to base some of their claims, in part, on an alleged contract from September 2017 to purchase the Property (long after the 2014 foreclosure sale) by a third-party named Elena Marie Jimenez, whom Plaintiffs allege was acting as their agent. *See* Complaint ¶ 35. There is no allegation sufficient to establish the alleged agency relationship or any actionable conduct by Fannie Mae. Even if Plaintiffs' assertion were true, and even if Fannie Mae improperly terminated the contract (which Defendants dispute), whatever rights and remedies Plaintiffs might have would be limited to those provided in the purchase contract ("Purchase Contract"). *See* Real Estate Purchase Addendum (Auction), attached hereto as Exhibit N.

The Purchase Contact precludes the relief Plaintiffs seek in this action. ***First***, the contract provides that Ms. Jimenez, as the alleged buyer/purchaser, waives any right to specific performance of the contract. *See* Exhibit N ¶ 17(A). ***Second***, Ms. Jimenez also waived her right to maintain any action seeking a remedy other than rescission of the contract. *Id*. at ¶¶ 17 (F); Paragraph 19(b). ***Third***, Ms. Jimenez also agreed that she was prohibited from purchasing the property on someone else's behalf (in other words, as an agent for someone else) without Fannie Mae's consent, which she did not obtain, and that failure to comply with this requirement permitted Fannie Mae to terminate the agreement. *Id*. at ¶ 38. ***Fourth***, and finally, there is no remedy in the Purchase Contract entitling Ms. Jimenez (or Plaintiffs) to take possession of the Property in the event of any breach of the contract. It is well established law that a principal is bound by the actions of an agent based on "written or spoken words or any other conduct of the

principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf." *Theos & Sons, Inc. v. Mack Trucks, Inc.*, 431 Mass. 736, 745 (2000) (quoting from Restatement (Second) of Agency § 27 (1958)).  Thus, to the extent Plaintiffs purport to assert any claims related to Ms. Jimenez's attempted purchase of the Property, such claims fails and must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court dismiss Plaintiffs' Complaint in its entirety.

Respectfully Submitted,

**PARKER IBRAHIM & BERG LLP**
*Attorneys for Defendants,*
Federal National Mortgage Association, and Santander Bank, N.A.,

*/s/ Jeffrey D. Adams*
Jeffrey D. Adams, Esq. BBO# 662697
One Financial Center, 15th Floor
Boston, MA 02111
Phone: 857.302.5751
Facsimile: 617.918.7878
Email: jeffrey.adams@piblaw.com

Date:  September 19, 2018

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I hereby certify that, on the 17th day of September, 2018, I conferred with Plaintiffs and attempted to resolve or narrow the issues presented in the present Motion to Dismiss.

*/s/ Jeffrey D. Adams*
Jeffrey D. Adams

## CERTIFICATE OF SERVICE

I, Jeffrey D. Adams, Esq., hereby certify that a true and correct copy of the foregoing document was served upon all parties or counsel of record via this Court's CM/ECF system or, if not registered on this Court's CM/ECF system, then via first class mail, postage prepaid, on September 19, 2018.

*/s/ Jeffrey D. Adams*
Jeffrey D. Adams